Official Form 1 (1/08)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| DISTRICT OF *NEVADA* | |

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| *HOUSTON, JAMES L.* | *HOUSTON, CLARE L.* |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): *NONE* | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): *NONE* |
|---|---|

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): *4804* | Last four digits of Soc. Sec. or Individual Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): *5374* |
|---|---|

| Street Address of Debtor (No. & Street, City, and State): *3451 BLUE HEATHER DRIVE* *Las Vegas NV* | ZIPCODE *89129* | Street Address of Joint Debtor (No. & Street, City, and State): *3451 BLUE HEATHER DRIVE* *Las Vegas NV* | ZIPCODE *89129* |
|---|---|---|---|

| County of Residence or of the Principal Place of Business: *CLARK* | County of Residence or of the Principal Place of Business: *CLARK* |
|---|---|

| Mailing Address of Debtor (if different from street address): *SAME* | ZIPCODE | Mailing Address of Joint Debtor (if different from street address): *SAME* | ZIPCODE |
|---|---|---|---|

| Location of Principal Assets of Business Debtor (if different from street address above): *NOT APPLICABLE* | ZIPCODE |
|---|---|

**Type of Debtor** (Form of organization)
(Check **one** box.)

- ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- ☐ Debts are primarily business debts.

**Chapter 11 Debtors:**

**Check one box:**
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Official Form 1 (1/08)                                                                                          FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**HOUSTON, JAMES L. and**<br>**HOUSTON, CLARE L.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | (If more than two, attach additional sheet) | |
|---|---|---|
| Location Where Filed:<br>**NEVADA** | Case Number:<br>**97-20029-LBR** | Date Filed:<br>**1/1997** |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | (If more than one, attach additional sheet) | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X  **/s/ David Mincin, Esq**                               **9/10/2009**<br>Signature of Attorney for Debtor(s)                      Date |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and exhibit C is attached and made a part of this petition.<br>☒ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.<br>If this is a joint petition:<br>☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br>☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

Official Form 1 (1/08)                                                 **FORM B1, Page 3**

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **HOUSTON, JAMES L. and** |
| | **HOUSTON, CLARE L.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ HOUSTON, JAMES L.**
_____
Signature of Debtor

**X** **/s/ HOUSTON, CLARE L.**
_____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

**9/10/2009**
_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

**9/10/2009**
_____
(Date)

### Signature of Attorney*

**X** **/s/ David Mincin, Esq**
_____
Signature of Attorney for Debtor(s)

**David Mincin, Esq 005427**
_____
Printed Name of Attorney for Debtor(s)

**LAW OFFICES OF RICHARD McKNIGHT, P.C.**
_____
Firm Name

**330 S. Third Street**
_____
Address

**Suite 900**
_____

**Las Vegas NV  89101**
_____

**702-388-7185**
_____
Telephone Number

**9/10/2009**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

**9/10/2009**
_____
Date

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re *HOUSTON, JAMES L.*
        *and*
        *HOUSTON, CLARE L.*

Case No.
Chapter   7

_____
                          **Debtor(s)**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days   **before the filing of my bankruptcy case,**      I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days   **before the filing of my bankruptcy case,**      I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐   4.  I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐   Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐   Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐   Active military duty in a military combat zone.

☐   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   */s/ HOUSTON, JAMES L.*

Date:   *9/10/2009*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re *HOUSTON, JAMES L.*
     *and*
     *HOUSTON, CLARE L.*

Case No.
Chapter    7

_____
                    **Debtor(s)**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days    **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days    **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

      **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐    4.  I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ HOUSTON, CLARE L.*

Date:    *9/10/2009*

UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1) Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

### 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____

Printed name and title, if any, of Bankruptcy Petition Preparer
Address:
_____

X_____

Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

_____

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

_____    X_____

Printed Name(s) of Debtor(s)                                        Signature of Debtor                              Date

Case No. (if known) _____    X_____

                                                                                    Signature of Joint Debtor (if any)    Date

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re *HOUSTON, JAMES L. and HOUSTON, CLARE L.*

Case No.

Chapter   **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's  liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $         181,000.00 | | |
| B-Personal Property | *Yes* | *4* | $          25,957.82 | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $         221,899.00 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *1* | | $              0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *8* | | $         188,089.50 | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $           3,244.00 |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *2* | | | $           3,954.00 |
| TOTAL | | *21* | $         206,957.82 | $         409,988.50 | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re *HOUSTON, JAMES L. and HOUSTON, CLARE L.*                   Case No.

                                                                 Chapter   **7**

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| **Domestic Support Obligations (from Schedule E)** | $ *0.00* |
| **Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E)** | $ *0.00* |
| **Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed)** | $ *0.00* |
| **Student Loan Obligations (from Schedule F)** | $ *0.00* |
| **Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E** | $ *0.00* |
| **Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F)** | $ *0.00* |
| **TOTAL** | $ *0.00* |

State the following:

| | |
|---|---|
| **Average Income (from Schedule I, Line 16)** | $ *3,244.00* |
| **Average Expenses (from Schedule J, Line 18)** | $ *3,954.00* |
| **Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20)** | $ *4,000.00* |

State the following:

| | | |
|---|---|---|
| **1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column** | | $ *40,899.00* |
| **2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column** | $ *0.00* | |
| **3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column** | | $ *0.00* |
| **4. Total from Schedule F** | | $ *188,089.50* |
| **5. Total of non-priority unsecured debt (sum of 1, 3, and 4)** | | $ *228,988.50* |

In re *HOUSTON, JAMES L. and HOUSTON, CLARE L.*                                    Case No. _____
                                    Debtor                                                                 (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____22_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: *9/10/2009* _____    Signature */s/ HOUSTON, JAMES L.* _____
                                                                        *HOUSTON, JAMES L.*

Date: *9/10/2009* _____    Signature */s/ HOUSTON, CLARE L.* _____
                                                                        *HOUSTON, CLARE L.*

[If joint case, both spouses must sign.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

In re __HOUSTON, JAMES L. and HOUSTON, CLARE L._____ ,   Case No._____
                        Debtor(s)                                                        (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *3451 BLUE HEATHER DRIVE*<br>*138-08-318-075/SURRENDER* | *Fee Simple* | *C* | *$ 181,000.00* | *$ 181,000.00* |

No continuation sheets attached

**TOTAL $**   *181,000.00*

**(Report also on Summary of Schedules.)**

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._____ ,    Case No. _____

Debtor(s)    *(if known)*

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *BANK OF AMERICA CHECKING* *Location: In debtor's possession* | C | $ 1,685.78 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | *HOUSEHOLD GOODS AND FURNISHINGS* *Location: In debtor's possession* | C | $ 1,600.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | *WEARING APPAREL* *Location: In debtor's possession* | C | $ 500.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | *STATE FARM INSURANCE* *INSURED MATTHEW OTT* | | $ 1.00 |
| | | *STATE FARM LIFE INSURANCE* *INSURED CLARE HOUSTON* *Location: In debtor's possession* | C | $ 78.99 |

In re **HOUSTON, JAMES L. and HOUSTON, CLARE L.**          ,       Case No. _____

Debtor(s) (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | STATE FARM LIFE INSURANCE/LOAN AGAINST POLICY INSURED JAMES HOUSTON | | $ 98.41 |
| | | STATE FARM LIFE INSURANCE INSURED MATTHEW OTT | | $ 103.01 |
| | | STATE FARM LIFE INSURANCE INSUREND MICHAEL HOUSTON | | $ 1.00 |
| | | STATE FARM LIFE INSURANCE INSURED ROBERT ERWIN | | $ 1.00 |
| | | STATE FARM LIFE INSURANCE INSURED WENDY ERWIN | | $ 1.00 |
| | | STATE FARM LIFE INSURANCE INSURED BRODY MATTHEW MAUR | | $ 103.01 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | FEDERATED INVESTORS | H | $ 24.62 |
| | | MUTUAL FUNDS SEP-IRA/CLARE'S THRU GEORGE BLACKWELL | W | $ 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | CORNERSTONE HOMECARE, INC. DISSOLVED 2002 | C | $ 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

In re **HOUSTON, JAMES L. and HOUSTON, CLARE L.** _____ ,    Case No. _____
                                                         Debtor(s)                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | *2002CHEVROLET SILVERADO 2500/JAMES' VEHICLE PAID IN FULL Location: In debtor's possession*<br><br>*2005 HYUNDAI ELANTRA/CLARE'S VEHICLE PAID IN FULL Location: In debtor's possession* | H<br><br><br><br>J | $ 12,900.00<br><br><br><br>$ 8,860.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

In re **HOUSTON, JAMES L. and HOUSTON, CLARE L.**                    , Case No. _____

             Debtor(s)                                                         (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page ___4___ of ___4___

                                                         **Total ➤**        **$ 25,957.82**

**(Report total also on Summary of Schedules.)**
**Include amounts from any continuation sheets attached.**

In re **HOUSTON, JAMES L. and HOUSTON, CLARE L.**                    , Case No. _____
                                   Debtor(s)                                                                    (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $136,875.

(Check one box)

☐ 11 U.S.C. § 522(b) (2)
☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| *HOUSEHOLD GOODS AND FURNISHINGS* | *NRS 21.090(1)(b)* | $ 1,600.00 | $ 1,600.00 |
| *WEARING APPAREL* | *NRS 21.090(1)(b)* | $ 500.00 | $ 500.00 |
| *STATE FARM INSURANCE* | *NRS 687B.280* | $ 1.00 | $ 1.00 |
| *STATE FARM LIFE INSURANCE* | *NRS 687B.280* | $ 103.01 | $ 103.01 |
| *STATE FARM LIFE INSURANCE* | *NRS 687B.280* | $ 1.00 | $ 1.00 |
| *STATE FARM LIFE INSURANCE* | *NRS 687B.280* | $ 1.00 | $ 1.00 |
| *STATE FARM LIFE INSURANCE* | *NRS 687B.280* | $ 1.00 | $ 1.00 |
| *STATE FARM LIFE INSURANCE* | *NRS 687B.280* | $ 103.01 | $ 103.01 |
| *STATE FARM LIFE INSURANCE* | *NRS 687B.280* | $ 98.41 | $ 98.41 |
| *STATE FARM LIFE INSURANCE* | *NRS 687B.280* | $ 78.99 | $ 78.99 |
| *FEDERATED INVESTORS* | *NRS 21.090(1)(r)(1)* | $ 24.62 | $ 24.62 |
| *MUTUAL FUNDS SEP-IRA/CLARE'S THRU GEORGE BLACKWELL* | *NRS 21.090(1)(r)(1)* | $ 0.00 | $ 0.00 |
| *2002CHEVROLET SILVERADO 2500* | *NRS 21.090(1)(f)* | $ 12,900.00 | $ 12,900.00 |
| *2005 HYUNDAI ELANTRA* | *NRS 21.090(1)(f)* | $ 8,860.00 | $ 8,860.00 |

B6D (Official Form 6D) (12/07)

In re HOUSTON, JAMES L. and HOUSTON, CLARE L. _____,    Case No. _____
　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| Account No: **7080067033654** *Creditor # : 1* *WELLS FARGO HOME MORTGAGE* *7255 BAYMEADOWS WAY* *Jacksonville FL 32256* | | J | 2006-07-21 *FIRST MORTGAGE* *3451 BLUE HEATHER DRIVE/SURRENDER* *138-08-318-075* ── Value: **$ 181,000.00** | | | | **$ 221,899.00** | **$ 40,899.00** |
| Account No: **7080067033654** *Representing:* *WELLS FARGO HOME MORTGAGE* | | | *WELLS FARGO HOME MORTGAGE* *P.O. BOX #10368* *Des Moines IA 50306-0368* ── Value: | | | | | |
| Account No: | | | ── Value: | | | | | |

No continuation sheets attached

| | | |
|---|---|---|
| **Subtotal $** (Total of this page) | **$ 221,899.00** | **$ 40,899.00** |
| **Total $** (Use only on last page) | **$ 221,899.00** | **$ 40,899.00** |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re <u>HOUSTON, JAMES L. and HOUSTON, CLARE L.</u>                                    ,          Case No._____
            **Debtor(s)**                                                                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**     (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._____ ,    Case No. _____
      **Debtor(s)**                                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.  R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three  columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    1061205108174<br>Creditor # : 1<br>AMERICAN SERVICING COMPANY<br>8480 STAGECOACH CIRCLE<br>Frederick MD 21701 | | J | 2004-10-08<br>MORTGAGE LOAN<br>3443 WHITMAN FALLS DRIVE<br>138-08-318-021/REFINANCED | | | | $ 1.00 |
| Account No:    74996538511243<br>Creditor # : 2<br>BANK OF AMERICA<br>4060 OGLETOWN/STAN<br>Newark DE 19713 | | W | 1996-07-24<br>CHARGE ACCOUNT | | | | $ 4,521.00 |
| Account No:    0831<br>Creditor # : 3<br>BANK OF AMERICA<br>P.O. BOX #1598<br>Norfolk VA 23501 | | H | 2003-11-01<br>CHARGE ACCOUNT | | | | $ 4,448.00 |
| Account No:    7736<br>Creditor # : 4<br>BANK OF AMERICA<br>P.O. BOX #1598<br>Norfolk VA 23501 | | H | 2003-11-01<br>CHARGE ACCOUNT | | | X | $ 1.00 |

__7__ continuation sheets attached

Subtotal $                                                                                          $ 8,971.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re <u>HOUSTON, JAMES L. and HOUSTON, CLARE L.</u> ,          Case No. _____

**Debtor(s)**                                                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:  5490330522490173<br>Creditor # : 5<br>BANK OF AMERICA<br>4060 OGLETOWN/STAN<br>Newark DE 19713 | | W | 2008-12-31<br>CHARGE ACCOUNT | | | | $ 8,106.00 |
| Account No:  4313070020933294<br>Creditor # : 6<br>BANK OF AMERICA<br>4060 OGLETOWN/STAN<br>Newark DE 19713 | | H | 2007-11-09<br>CHARGE ACCOUNT | | | | $ 4,653.00 |
| Account No:  5490330506509162<br>Creditor # : 7<br>BANK OF AMERICA<br>4060 OGLETOWN/STAN<br>Newark DE 19713 | | H | 2008-12-12<br>CHARGE ACCOUNT | | | | $ 5,629.00 |
| Account No:  426684116549<br>Creditor # : 8<br>CHASE BANK<br>BANK ONE CARD SERVICE<br>Westerville OH 43081 | | H | 2008-02-08<br>CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No:  070000<br>Creditor # : 9<br>CHASE BANK USA, NA<br>P.O. BOX #9180<br>Pleasanton CA 94566 | | H | 1995-08-01<br>CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No:  8400484526<br>Creditor # : 10<br>CITI FINANCIAL SERVICE<br>P.O. BOX #624<br>Marlton NJ 08053 | | H | 2004-10-05<br>CHARGE ACCOUNT | | | X | $ 1.00 |

Sheet No.  1  of  7  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $          $ 18,391.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)    - Cont.

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._____ ,    Case No. _____
                    **Debtor(s)**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: 3650006633010 Creditor # : 11 CROSSLAND MORTGAGE I HOME CAMPUS Des Moines IA 50328 | | J | 1995-10-01 MORTGAGE LOAN 3451 BLUE HEATHER DRIVE 138-08-318-075/TRANSFERRED | | | X | $ 1.00 |
| Account No: 604587004138 Creditor # : 12 DILLARD/GEMB P.O. BOX #981471 El Paso TX 79998 | | H | 1988-03-01 CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No: 4917746 Creditor # : 13 HSBC/MS P.O. BOX #2393 Brandon FL 33509 | | H | 2001-11-01 SECOND MORTGAGE 3451 BLUE HEATHER DRIVE 138-08-318-075 | | | X | $ 1.00 |
| Account No: 46475143403 Creditor # : 14 INFI BANK P.O. BOX #3412 Omaha NE 68197 | | J | 2004-04-01 CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No: 4852108513720 Creditor # : 15 MACYS/FDSB P.O. BOX#8122 Mason OH 45040 | | J | 1988-03-01 CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No: 604589102369 Creditor # : 16 MERVYN/GEMB P.O. BOX #981400 El Paso TX 79998 | | J | 1988-03-11 CHARGE ACCOUNT | | | X | $ 1.00 |

Sheet No. __2__ of __7__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    $ 6.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._____ ,    Case No. _____

**Debtor(s)**    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    13875<br>Creditor # : 17<br>NORDSTROM/FSB<br>P.O. BOX #13589<br>Scottsdale AZ 85267 | | H | 1981-12-20<br>CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No:    2770006937163<br>Creditor # : 18<br>SELECT PORTFOLIO SERVICES<br>10401 DEERWOOD PAR<br>Jacksonville FL 32256 | | J | 2004-10-08<br>MORTGAGE LOAN<br>3443 WHITMAN FALLS DRIVE<br>138-08-318-021/TRANSFERRED | | | | $ 1.00 |
| Account No:    473514010000<br>Creditor # : 19<br>SOUTHWESTERN FEDERAL CU<br>901 E. WHITTIER BOULEVARD<br>La Habra CA 90631 | | J | 1984-06-01<br>CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No:    12259661<br>Creditor # : 20<br>STATE FARM LIFE INSURANCE<br>GREELEY OPERATIONS CENTER<br>1555 PROMONTORY CIRCLE<br>Greeley CO 80638-0001 | | C | LIFE INSURANCE POLICY LOAN<br>LOAN FROM CLARE'S LIFE INSURANCE<br>POLICY | | | | $ 2,492.32 |
| Account No:    12256391<br>Creditor # : 21<br>STATE FARM LIFE INSURANCE<br>GREELEY OPERATIONS CENTER<br>1555 PROMONTORY CIRCLE<br>Greeley CO 80638-001 | | C | LIFE INSURANCE POLICY LOAN<br>LOAN FROM JAMES' LIFE INSURANCE<br>POLICY | | | | $ 2,707.18 |
| Account No:    13262645<br>Creditor # : 22<br>STATE FARM LIFE INSURANCE<br>GREELEY OPERATION CENTER<br>1555 PROMONTORY CIRCLE<br>Greeley CO 80638-0001 | | C | LIFE INSURANCE POLICY LOAN<br>LOAN FROM BRODY MAUR'S LIFE<br>INSURANCE | | | | $ 2,017.75 |

Sheet No.   _3_ of   _7_ continuation sheets attached to Schedule of    Subtotal $    $ 7,220.25

Creditors Holding Unsecured Nonpriority Claims    Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._____ ,          Case No._____

**Debtor(s)**                                                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    18160682 Creditor # : 23 STATE FARM LIFE INSURANCE GREELEY OPERATIONS CENTER 1555 PROMONTORY CIRCLE Greeley CO 80638-0001 | C | | LIFE INSURANCE POLICY LOAN LOAN FROM GAGE ERWIN'S LIFE INSURANCE | | | | $ 2,125.65 |
| Account No: Creditor # : 24 STEVEN W. HALL, D.D.S. CHTD 2815 S. RAINBOW BOULEVARD Las Vegas NV 89146 | | H | DENTAL WORK | | | | $ 1,116.60 |
| Account No:    435237506098 Creditor # : 25 TARGET/NB P.O. BOX #673 Minneapolis MN 55440 | | H | 1998-07-10 CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No:    70401560857390001 Creditor # : 26 TOYOTA MOTORS 10040 N. 25TH AVENUE Phoenix AZ 85021 | | H | 2001-02-12 AUTO LOAN 2001 TOYOTA ECHO TOTALLED IN ACCIDENT 3/07 | | | X | $ 1.00 |
| Account No:    9080609420583 Creditor # : 27 WASHINGTON MUTUAL 7757 BAYBERRY ROAD Jacksonville FL 32256 | | J | 2002-11-25 MORTGAGE LOAN 3451 BLUE HEATHER DRIVE 138-08-318-075/REFINANCED | | | X | $ 1.00 |
| Account No:    9080053529053 Creditor # : 28 WASHINGTON MUTUAL 7757 BAYBERRY ROAD Jacksonville FL 32256 | | J | 2002-08-01 MORTGAGE LOAN 3451 BLUE HEATHER DRIVE 138-08-318-075/REFINANCED | | | X | $ 1.00 |

Sheet No.    4   of    7   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $          $ 3,246.25

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) - Cont.

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._____ ,    Case No._____
                   **Debtor(s)**                                                     (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    4465420168233211<br><br>Creditor # : 29<br>WELLS FARGO<br>P.O. BOX #5445<br>Portland OR 97208 | | J | 2006-06-25<br><br>CHARGE ACCOUNT | | | | $ 10,243.00 |
| Account No:    6506500354007<br><br>Creditor # : 30<br>WELLS FARGO<br>P.O. BOX #31557<br>Billings MT 59107 | | J | 2005-10-29<br><br>HOME EQUITY LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/REFINANCED | | | | $ 1.00 |
| Account No:    6506500478669<br><br>Creditor # : 31<br>WELLS FARGO<br>P.O. BOX #31557<br>Billings MT 59107 | | J | 2006-01-24<br><br>HOME EQUITY LOAN<br>3443 WHITMAN FALLS DRIVE/REFINANCED<br>138-08-318-021/DAUGHTERS HOUSE | | | X | $ 1.00 |
| Account No:    6506505784166<br><br>Creditor # : 32<br>WELLS FARGO<br>P.O. BOX #31557<br>Billings MT 59107 | | J | 2004-10-21<br><br>HOME EQUITY LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075 | | | | $ 1.00 |
| Account No:    6506507312474<br><br>Creditor # : 33<br>WELLS FARGO<br>P.O. BOX #31557<br>Billings MT 59107 | | J | 2005-03-04<br><br>HOME EQUITY LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/REFINANCED | | | X | $ 1.00 |
| Account No:    6506508985170<br><br>Creditor # : 34<br>WELLS FARGO<br>P.O. BOX #31557<br>Billings MT 59107 | | J | 2005-07-21<br><br>HOME EQUITY LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/REFINANCED | | | X | $ 1.00 |

Sheet No.    5    of    7    continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                           **Subtotal $**      $ 10,248.00
                                **Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._____ ,    Case No._____
          **Debtor(s)**                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   65065025074991998<br><br>Creditor # : 35<br>WELLS FARGO<br>P.O. BOX #31557<br>Billings MT 59107 | | J | 2006-07-17<br>SECOND MORTGAGE<br>3451 BLUE HEATHER DRIVE/SURRENDER<br>138-08-318-075 | | | | $ 70,000.00 |
| Account No:   65065008703941998<br><br>Creditor # : 36<br>WELLS FARGO<br>P.O. BOX #31557<br>Billings MT 59107 | | J | 2006-03-16<br>HOME EQUITY LOAN<br>3443 WHITMAN FALLS DRIVE/<br>138-08-318-021/DAUGHTERS HOUSE | | | | $ 70,000.00 |
| Account No:   65065008703941998<br><br>Representing:<br>WELLS FARGO | | | NATIONAL DEFAULT SERVCING<br>2525 E. CAMELBACK ROAD, #200<br>Phoenix AZ 85016 | | | | |
| Account No:   4728599033<br><br>Creditor # : 37<br>WELLS FARGO HOME MORTGAGE<br>7255 BAYMEADOWS WAY<br>Jacksonville FL 32256 | | J | 2001-04-01<br>MORTGAGE LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/REFINANCED | | | X | $ 0.00 |
| Account No:   7080011683125<br><br>Creditor # : 38<br>WELLS FARGO HOME MORTGAGE<br>7255 BAYMEADOWS WAY<br>Jacksonville FL 32256 | | J | 2002-11-01<br>MORTGAGE LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/TRANSFERRED | | | X | $ 1.00 |
| Account No:   7080024356172<br><br>Creditor # : 39<br>WELLS FARGO HOME MORTGAGE<br>7255 BAYMEADOWS WAY<br>Jacksonville FL 32256 | | J | 2003-04-29<br>MORTGAGE LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/REFINANCED | | | X | $ 1.00 |

Sheet No. _6_ of _7_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $       $ 140,002.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) - Cont.

In re HOUSTON, JAMES L. and HOUSTON, CLARE L. ,        Case No._____
                        **Debtor(s)**                                                       (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: 7080042051839<br>Creditor # : 40<br>WELLS FARGO HOME MORTGAGE<br>7255 BAYMEADOWS WAY<br>Jacksonville FL 32256 | | J | 2004-06-09<br>MORTGAGE LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/REFINANCED | | | X | $ 1.00 |
| Account No: 6852903132<br>Creditor # : 41<br>WELLS FARGO HOME MORTGAGE<br>7255 BAYMEADOWS WAY<br>Jacksonville FL 32256 | | J | 1995-10-01<br>MORTGAGE LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/REFINANCED | | | X | $ 1.00 |
| Account No: 7080052674785<br>Creditor # : 42<br>WELLS FARGO HOME MORTGAGE<br>7255 BAYMEADOWS WAY<br>Jacksonville FL 32256 | | J | 2005-04-22<br>MORTGAGE LOAN<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/REFINANCED | | | X | $ 1.00 |
| Account No: 442-69705138<br>Creditor # : 43<br>WF FINANCE<br>6955 ALIANTE PARKWAY #108<br>North Las Vegas NV 89084 | | H | 2001-11-01<br>CHARGE ACCOUNT | | | X | $ 1.00 |
| Account No: 111120111234387<br>Creditor # : 44<br>WF FINANCIAL<br>904 WALNUT STREET, #200<br>Des Moines IA 50309 | | H | 2001-11-01<br>SECOND MORTGAGE<br>3451 BLUE HEATHER DRIVE<br>138-08-318-075/TRANSFERRED | | | X | $ 1.00 |
| Account No: | | | | | | | |

Sheet No. 7 of 7 continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $      $ 5.00

Total $      $ 188,089.50
(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6G (Official Form 6G) (12/07)

In re **HOUSTON, JAMES L. and HOUSTON, CLARE L.** _____ / Debtor     Case No. _____

(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

In re *HOUSTON, JAMES L. and HOUSTON, CLARE L.* _____ ,    Case No. _____
                            **Debtor(s)**                                              **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:<br>*Married* | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | *Unemployed* | *OFFICE MANAGER* |
| Name of Employer | | *GEORGE BLACKWELL* |
| How Long Employed | | *14 YEARS* |
| Address of Employer | | *3300 S. DECATUR BOULEVARD, #12*<br>*Las Vegas NV  89102* |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | 4,000.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 4,000.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 0.00 | $ | 756.00 |
|     b. Insurance | $ | 0.00 | $ | 0.00 |
|     c. Union dues | $ | 0.00 | $ | 0.00 |
|     d. Other  (Specify): | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 756.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 3,244.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance<br>    (Specify): | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income<br>    (Specify): | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME    (Add amounts shown on lines 6 and 14) | $ | 0.00 | $ | 3,244.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME:   (Combine column totals<br>    from line 15; if there is only one debtor repeat total reported on line 15) | | $ | 3,244.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    *UNEMPLOYMENT FOR JAMES ENDS MAY 2009*

B6J(Official Form 6J)(12/07)

In re HOUSTON, JAMES L. and HOUSTON, CLARE L. _____ ,    Case No. _____
                            **Debtor(s)**                                                          (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,460.00 |
|     a. Are real estate taxes included?    Yes ☒   No ☐ | | |
|     b. Is property insurance included?    Yes ☒   No ☐ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 186.00 |
|     b. Water and sewer | $ | 42.00 |
|     c. Telephone | $ | 0.00 |
|     d. Other    *CELL PHONE* | $ | 120.00 |
|     Other    *HOA DUES* | $ | 47.00 |
|     Line 2 Continuation Page Total (see continuation page for itemization) | $ | 143.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 20.00 |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 0.00 |
| 6. Laundry and dry cleaning | $ | 10.00 |
| 7. Medical and dental expenses | $ | 350.00 |
| 8. Transportation (not including car payments) | $ | 120.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 15.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 0.00 |
|     b. Life | $ | 210.00 |
|     c. Health | $ | 412.00 |
|     d. Auto | $ | 157.00 |
|     e. Other | $ | 0.00 |
|     Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other: | $ | 0.00 |
|     c. Other: | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other:    *PRESCRIPTIONS* | $ | 110.00 |
|     Other:    *2nd Mortgage* | $ | 252.00 |
| | | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules | $ | 3,954.00 |
|     and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|     a. Average monthly income from Line 16 of Schedule I | $ | 3,244.00 |
|     b. Average monthly expenses from Line 18 above | $ | 3,954.00 |
|     c. Monthly net income (a. minus b.) | $ | (710.00) |

In re _HOUSTON, JAMES L. and HOUSTON, CLARE L._____,     Case No. _____
                     **Debtor(s)**

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR
**(Continuation page)**

**2. (continuation) OTHER UTILITIES**

| | |
|---|---|
| _TELEPHONE & CABLE_ | $ _143.00_ |
| **Line 2 Continuation Page Total (seen as line item "2" on Schedule J)** | $ _143.00_ |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re: *HOUSTON, JAMES L.*                                    Case No.
    *and*
    *HOUSTON, CLARE L.*

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter  13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not filed.)

AMOUNT                                           SOURCE

*Year to date: 2009 -*                            *UNEMPLOYMENT/GEORGE BLACKWELL*
*Last Year: 2008 -*                               *G.M. WHITNEY ELECTRIC, INC./UMEPLOYMENT/GEORGE BLACKWELL*
*$100,232.00*                                     *G.M. WHITNEY ELECTRIC, INC./GEORGE BLACKWELL*
*Year before: 2007 -*
*$87,788.00*

---

### 2. Income other than from employment or operation of business

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not filed.)

### 3. Payments to creditors

None  Complete a. or b., as appropriate, and c.

☒

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the

☒   commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were

☒   insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

☒   (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement

☒   of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within

☒   one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None  a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors

☒   filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of

☒   this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☒   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☒   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: DAVID MINCIN, ESQ.* *Address: 330 S. THIRD STREET, #900* *LAS VEGAS, NEVADA 89101* | *Date of Payment:* *Payor: JAMES & CLARE HOUSTON* | *$1,500.00* |
| *Payee: CRICKET DEBT COUNSELING* *Address: BY INTERNET AND PHONE* | *Date of Payment: JUNE 1, 2009* *Payor: HOUSTON, JAMES & CLARE* | *$72.00* |

**10. Other transfers**

None ☒   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒   b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| *Institution: WELLS FARGO* | *Account Type and No.:* | *6/18/2009* |

Statement of Affairs - Page 3

|  | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER |  |
| NAME AND ADDRESS OF INSTITUTION | AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |

*Address: 9410 W. LAKE MEAD*
*BOULEVARD*
                *LAS VEGAS,*
*NEVADA 89134-8312*

*CHECKING ACCT.*
*Final Balance:$28.15*

---

**12. Safe deposit boxes**

None ☒   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13. Setoffs**

None ☒   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None ☒   List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None ☒   If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

None ☐   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

*Name: PAMELA K. LACK 1977 TO 1984*

       *GLENN B. MAUR  1968 TO 1983*

---

**17. Environmental Information**

None ☒   For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under

Statement of Affairs - Page 4

or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| None | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice. |
| :---: | :--- |
| ☒ | |

| None | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |
| :---: | :--- |
| ☒ | |

**18. Nature, location and name of business**

| None | a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case |
| :---: | :--- |
| ☐ | |

     If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

     If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| :--- | :--- | :--- | :--- | :--- |
| *CORNERSTONE HOMECARE, INC.* | *ID:* | *3451 BLUE HEATHER DRIVE LAS VEGAS, NEVADA 89129* | *HOME CARE ASSISTANCE* | *1/02 THRU 12/02* |

| None | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |
| :---: | :--- |
| ☒ | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.   A debtor who has not been in business within those six years should go directly to the signature page.)

## 19. Books, records and financial statements

None
☒
a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None
☒
b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
☒
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None
☒
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

## 20. Inventories

None
☒
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None
☒
b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

## 21. Current Partners, Officers, Directors and Shareholders

None
☒
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or
☐    more of the voting or equity securities of the corporation.

|  |  | NATURE AND |
| NAME AND ADDRESS | TITLE | PERCENTAGE OF STOCK OWNERSHIP |

*Name: CLARE HOUSTON*           *SECRETARY/TREASURER*
*Address: 3451 BLUE HEATHER DRIVE*

---

*Name: JAMES HOUSTON*           *PRESIDENT*
*Address: 3451 BLUE HEATHER DRIVE*
                     *LAS VEGAS, NEVADA*
*89129*

---

**22. Former partners, officers, directors and shareholders**

None  a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.
☒

None  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the
☒    commencement of this case.

---

**23. Withdrawals from a partnership or distribution by a corporation**

None  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans,
☒    stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group.**

None  If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which
☒    the debtor has been a member at any time within six years immediately preceeding the commencement of the case.

---

**25. Pension Funds.**

None  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been
☒    responsible for contributing at any time within six years immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **9/10/2009**              Signature   **/s/ HOUSTON, JAMES L.**
                                  of Debtor

Date   **9/10/2009**              Signature   **/s/ HOUSTON, CLARE L.**
                                  of Joint Debtor
                                  (if any)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re *HOUSTON, JAMES L. and HOUSTON, CLARE L.*

Case No.
Chapter 7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - HUSBAND'S DEBTS

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No.

| **Creditor's Name :**<br><br>*None* | **Describe Property Securing Debt :** |
|---|---|

Property will be (check one) :

☐ Surrendered    ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____  (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☐ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No.

| **Lessor's Name:**<br><br>*None* | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>☐ Yes    ☐ No |
|---|---|---|

### Signature of Debtor(s)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date:  *9/10/2009*                    Debtor:  */s/ HOUSTON, JAMES L.*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re *HOUSTON, JAMES L. and HOUSTON, CLARE L.*

Case No.
Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - WIFE'S DEBTS

**Part A -**   Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No.

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *None* | |

Property will be (check one) :

☐ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☐ Not claimed as exempt

**Part B -**   Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No.

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes     ☐ No |

### Signature of Debtor(s)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date:   *9/10/2009*

Debtor:   */s/ HOUSTON, CLARE L.*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re *HOUSTON, JAMES L. and HOUSTON, CLARE L.*

Case No.
Chapter  7

_____/ Debtor

## CHAPTER 7 STATEMENT OF INTENTION - JOINT DEBTS

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No. *1*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *WELLS FARGO HOME MORTGAGE* | *3451 BLUE HEATHER DRIVE* |

Property will be (check one) :

☒ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No.

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes     ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date:   *9/10/2009*          Debtor:  */s/ HOUSTON, JAMES L.*

Date:   *9/10/2009*          Joint Debtor:  */s/ HOUSTON, CLARE L.*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re   *HOUSTON, JAMES L.*
     *and*
  *HOUSTON, CLARE L.*

Case No.
Chapter **7**

_____ / Debtor

Attorney for Debtor:   **David Mincin, Esq**

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____1,500.00_____
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . $_____1,500.00_____
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____0.00_____

3. $_____299.00_____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

Dated:   *9/10/2009*            Respectfully submitted,

                      X */s/ David Mincin, Esq* _____

Attorney for Petitioner: *David Mincin, Esq*
                            *LAW OFFICES OF RICHARD McKNIGHT, P.C.*
                            *330 S. Third Street*
                            *Suite 900*
                            *Las Vegas NV  89101*
                            *702-388-7185*
                            *mcknightlaw@cox.net*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA
# SOUTHERN DIVISION

In re *HOUSTON, JAMES L.*
    *and*
    *HOUSTON, CLARE L.*

Case No.
Chapter  *7*

_____ / Debtor

Attorney for Debtor:  **David Mincin, Esq**

## <u>VERIFICATION OF CREDITOR MATRIX</u>

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Date: _*9/10/2009*_____

_*/s/ HOUSTON, JAMES L.*_____
Debtor

_*/s/ HOUSTON, CLARE L.*_____
Joint Debtor

HOUSTON, JAMES L.
3451 BLUE HEATHER DRIVE
Las Vegas, NV  89129

HOUSTON, CLARE L.
3451 BLUE HEATHER DRIVE
Las Vegas, NV  89129

David Mincin, Esq
330 S. Third Street
Suite 900
Las Vegas, NV  89101

AMERICAN SERVICING COMPANY
8480 STAGECOACH CIRCLE
Frederick, MD  21701

BANK OF AMERICA
P.O. BOX #1598
Norfolk, VA  23501

BANK OF AMERICA
4060 OGLETOWN/STAN
Newark, DE  19713

CHASE BANK
BANK ONE CARD SERVICE
Westerville, OH  43081

CHASE BANK USA, NA
P.O. BOX #9180
Pleasanton, CA  94566

CITI FINANCIAL SERVICE
P.O. BOX #624
Marlton, NJ  08053

CLARK COUNTY ASSESSOR
c/o BANKRUPTCY CLERK
500 S. GRAND CENTRAL PARKWAY
P.O. BOX #551401
Las Vegas, NV  89155-1401

CLARK COUNTY TREASURER
c/o BANKRUPTCY CLERK
500 S. GRAND CENTRAL PARKWAY
P.O. BOX #551220
Las Vegas, NV  89155-1220

CROSSLAND MORTGAGE
I HOME CAMPUS
Des Moines, IA  50328

DEPT. OF EMPLOYMENT TRAINING & REHAB
EMPLOYMENT SECURITY DIVISION
500 E. THIRD STREET
Carson City, NV  89713

DILLARD/GEMB
P.O. BOX #981471
El Paso, TX  79998

HSBC/MS
P.O. BOX #2393
Brandon, FL  33509

INFI BANK
P.O. BOX #3412
Omaha, NE  68197

LEWIS MALDONADO
US EPA REGION 9 BK CONTACT
OFFICE OF REGIONAL COUNSEL, ORC3
75 HAWTHORNE STREET
San Francisco, CA  94105

MACYS/FDSB
P.O. BOX#8122
Mason, OH  45040

MERVYN/GEMB
P.O. BOX #981400
El Paso, TX  79998

NATIONAL DEFAULT SERVCING
2525 E. CAMELBACK ROAD, #200
Phoenix, AZ  85016

NEVADA DEPT. OF TAXATION
BANKRUPTCY SECTION
555 E. WASHINGTON AVENUE, #1300
Las Vegas, NV  89101

NORDSTROM/FSB
P.O. BOX #13589
Scottsdale, AZ  85267

SELECT PORTFOLIO SERVICES
10401 DEERWOOD PAR
Jacksonville, FL  32256

SOUTHWESTERN FEDERAL CU
901 E. WHITTIER BOULEVARD
La Habra, CA  90631

STATE FARM LIFE INSURANCE
GREELEY OPERATION CENTER
1555 PROMONTORY CIRCLE
Greeley, CO  80638-0001

STATE FARM LIFE INSURANCE
GREELEY OPERATIONS CENTER
1555 PROMONTORY CIRCLE
Greeley, CO  80638-001

STATE FARM LIFE INSURANCE
GREELEY OPERATIONS CENTER
1555 PROMONTORY CIRCLE
Greeley, CO  80638-0001

STATE OF NEV DEPT. OF MOTOR VEHICLES
ATTN:  LEGAL DIVISION
555 WRIGHT WAY
Carson City, NV  89711

STEVEN W. HALL, D.D.S. CHTD
2815 S. RAINBOW BOULEVARD
Las Vegas, NV  89146

TARGET/NB
P.O. BOX #673
Minneapolis, MN  55440

TOYOTA MOTORS
10040 N. 25TH AVENUE
Phoenix, AZ  85021

UNITED STATES TRUSTEE
300 LAS VEGAS BLVD., SOUTH, #4300
Las Vegas, NV  89101

WASHINGTON MUTUAL
7757 BAYBERRY ROAD
Jacksonville, FL  32256

WELLS FARGO
P.O. BOX #5445
Portland, OR  97208

WELLS FARGO
P.O. BOX #31557
Billings, MT  59107

WELLS FARGO HOME MORTGAGE
7255 BAYMEADOWS WAY
Jacksonville, FL  32256

WELLS FARGO HOME MORTGAGE
P.O. BOX #10368
Des Moines, IA  50306-0368

WF FINANCE
6955 ALIANTE PARKWAY #108
North Las Vegas, NV  89084

WF FINANCIAL
904 WALNUT STREET, #200
Des Moines, IA  50309